UNITED STATES of America,
Plaintiff,

v.

1–David RODRIGUEZ–COLON,
Defendant.

Cr. No. 13–508–01(FAB).

United States District Court,
D. Puerto Rico.

Oct. 10, 2013.

Maria Dominguez–Victoriano, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Plaintiff.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On August 9, 2013, a grand jury returned an indictment that charged defendant David Rodriguez–Colon with one count of theft of government property and aiding and abetting, in violation of 18 U.S.C. §§ 641 and 2, and one count of concealment or failure to disclose an event to the Social Security Administration in violation of 42 U.S.C. § 408(a)(4). Defendant filed a motion to dismiss the indictment, arguing that his alleged violation of 18 U.S.C. § 641 "is not a continuing offense" and is "improperly grouped." (Docket 20 at p. 2.) He also seeks dismissal by claiming that the evidence does not

show that he is not disabled. *Id.* In its response, the government argues that the charges are timely and that a sufficiency of the evidence claim is premature. Agreeing with the government on both issues, the Court **DENIES** defendant's motion to dismiss.

### I. Continuing Offense Pursuant to 18 U.S.C. § 641

Defendant cites two criminal cases from the district of Maine to argue that a violation of 18 U.S.C. § 641 is not a continuing offense, and that the government's charges against him must be dismissed. (Docket 20 at p. 2) (citing *United States v. Bundy*, 2009 WL 902064, 2009 U.S. Dist. LEXIS 56466 (D.Me.2009) and *United States v. Venti*, 755 F.Supp.2d 216 (D.Me.2010)). Finding these cases to be inapposite, the Court disagrees with the defendant's argument.

■■■ The continuing offense doctrine [1] is irrelevant to defendant's case because the statute of limitations for a violation of 18 U.S.C. § 641 is five years. 18 U.S.C. § 3282(a). The indictment clearly identifies August 11, 2011 as the earliest date to be considered for defendant's alleged violations in Counts One and Two. Regardless of whether the alleged violations are viewed as instantaneous or continuing offenses, there is no reason to dismiss the indictment because the August 11, 2011

date and all subsequent dates through August 9, 2013 fall within the five-year statute of limitations. Defendant's motion to dismiss based on the continuing offense doctrine, therefore, is **DENIED.**

### II. Sufficiency of the Evidence

■■■ Defendant also argues that dismissal is warranted because the evidence does not show that he is not disabled. (Docket 20 at pp. 2–3.) As the government correctly points out, however, the proper procedure for raising a challenge to the sufficiency of the government's evidence is a motion for judgment of acquittal under Rule 29—not a pretrial motion to dismiss. Pursuant to Fed.R. Crim.P. 12(b), the defendant is entitled to raise "any defense, objection, or request that the court can determine without a trial of the general issue." The term "general issue," includes the presentation of any significant quantity of evidence relevant to the question of guilt or innocence. *United States v. Barletta*, 644 F.2d 50, 58 (1st Cir.1981). Because a sufficiency of the evidence argument raises factual questions embraced in the "general issue," it is improper for a defendant to base his pretrial motion to dismiss the indictment on that argument. *See United States v. Ayarza–Garcia*, 819 F.2d 1043, 1048 (11th Cir. 1987). Accordingly, defendant's motion is **DENIED.**

---

1. Crimes may be classified according to their nature as instantaneous or continuing. Jeffrey R. Boles, *Easing the Tension Between Statutes of Limitations and the Continuing Offense Doctrine*, 7 Nw. J.L. & Soc. Pol'y 219, 256 (2012). In contrast to an instantaneous offense, which is a discrete act occurring at a single, immediate period of time, *id.*, a continuing offense is conduct spanning an extended period of time. *See United States v. De La Mata*, 266 F.3d 1275, 1288 (11th Cir.2001) ("A continuing offense is one which is not complete upon the first act, but instead continues to be perpetrated over time."). The statute of limitations limits a person's exposure to criminal prosecution to a certain fixed period of time following the occurrence of a criminal act. *Toussie v. United States*, 397 U.S. 112, 114, 90 S.Ct. 858, 25 L.Ed.2d 156. The statute of limitation normally begins to run when the criminal act is complete. *Id.* at 115, 90 S.Ct. 858. In the case of a continuing offense, however, the statute of limitations runs from the date the continuing offense concluded. *United States v. Smith*, 373 F.3d 561, 563–64 (4th Cir.2004).

## III. Conclusion

For the reasons discussed above, defendant David Rodriguez–Colon's motion to dismiss (Docket 20), is **DENIED.**

**IT IS SO ORDERED.**